UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HIUVER ARMANDO CASTRO MARADIAGA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondents.

No. 1:25-cv-01779-DJC-JDP

ORDER

A# 088-349-573

The Court previously granted Petitioner Hiuver Armando Castro Maradiaga's Petition for Writ of Habeas Corpus and ordered that Respondents provide Petitioner a bond hearing. (ECF No. 22.) Before that bond hearing was held, the BIA issued a decision denying Petitioner's appeal of the Immigration Judge's removal order. (*See* ECF No. 24-1.) Respondents filed a motion, which the Court construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 24.)

Having reviewed the briefing of the parties, the Court grants Respondents' Motion. The Court ordered relief based on the violation of Petitioner's due process rights. That violation is not altered by the BIA decision. However, the Court ordered a

1

bond hearing in part based on the fact that Petitioner was not subject to mandatory detention. Now that Petitioner's order of removal is administratively final, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231.

The Court finds that Respondents have thus established that relief from final judgment is warranted. *See* Fed. R. Civ. P. 60(b)(2), (6). Petitioner argues that the BIA's decision is not "newly discovered" for purposes of Rule 60(b) as it was issued on March 27, 2026 – a few days prior to the Court's order – and was the Government's "own agency's decision". But the delay here is marginal at worst. All evidence suggests that Respondents promptly sought to inform the Court as soon as the impact of the BIA decision was realized. Petitioner also argues that the Court's prior ruling that Petitioner's initial detention violated his due process rights remains valid. Certainly, this is true; nothing in this Order alters the Court's prior determination in that regard. All that the Court alters is granting Respondents' Motion is the relief granted in its prior Order.

The Court does note that Respondents argued in the first line of their Reply that "Petitioner's opposition is untimely and the Court does not have to consider it." (ECF No. 28 at 1.) The Court has consistently granted the Government substantial leeway with regard to late filings in the numerous other cases presently before it. *See, e.g.*, *De Jesus Sanchez v. Chestnut*, 1:26-cv-02299-DJC-CKD (ECF No. 7); *Xar Osorio v. Mullin*, 1:26-cv-02358-DJC-CKD (ECF No. 5); *Sanchez Pedraza v. Warden of the Golden State Annex*, 1:26-cv-02066-DJC-DMC (ECF No. 8); *Rivas Amaya v. Warden*, 1:26-cv-00884-DJC-SCR (ECF No. 9). The Court extends that same leniency to Petitioners.

In accordance with the above, IT IS HEREBY ORDERED that Respondents' Motion for Relief from Judgment under Federal Rule 60(b) (ECF No. 24) is GRANTED. The Court's prior Order (ECF No. 22) is VACATED. For the reasons stated in the Court's prior Order, the Court finds that Petitioner's due process rights were violated by his re-detention. However, as stated above, the relief Petitioner seeks is no longer

appropriate.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated:   **April 15, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3